THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODNEY WHEELER,

                          Plaintiff,

        v.

ELEANOR BROGGI *et al.*,

                          Defendants.

CASE NO. C19-1410-JCC

ORDER

This matter comes before the Court on Defendants' objections (Dkt. No. 23) to the report and recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 22). Having thoroughly considered the report and recommendation, the parties' briefing, and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Defendants' objections, ADOPTS the report and recommendation, and DENIES Defendants' motion to dismiss (Dkt. No. 13) for the reasons explained herein.

I.      **BACKGROUND**

        The report and recommendation sets forth the facts and procedural history of this case and the Court will not repeat them here. (*See* Dkt. No. 22 at 2–6.) The report and recommendation recommends that Defendants' motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) be denied. (*Id.* at 25.) On February 25, 2020, Defendants filed objections to the report and recommendation. (*See* Dkt. No. 23.) On March 10,

1   2020, Plaintiff filed a response to Defendants' objections. (*See* Dkt. No. 24.)

2   **II.      DISCUSSION**

3         **A.  Legal Standard**

4         A district court reviews *de novo* those portions of a report and recommendation to which

5   a party objects. *See* 28 U.S.C. § 636(b)(1) (2018); Fed. R. Civ. P. 72(b)(3). Objections must

6   enable the district court to "focus attention on those issues—factual and legal—that are at the

7   heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). General objections, or

8   summaries of arguments previously presented, have the same effect as no objection at all, since

9   the court's attention is not focused on any specific issues for review. *See United States v.*

10  *Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

11        In considering a Rule 12(b)(6) motion to dismiss, the court must determine whether the

12  complaint contains factual allegations that state a claim for relief that is "plausible on its face."

13  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

14  544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

15  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

16  alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While detailed factual allegations are not

17  necessary, a complaint must offer "more than labels and conclusions" and contain more than a

18  "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Dismissal

19  is appropriate if the complaint fails to state a cognizable legal theory or fails to provide sufficient

20  facts to support a claim. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th

21  Cir. 2010). In considering the motion to dismiss, "[a]ll well-pleaded allegations of material fact

22  in the complaint are accepted as true and are construed in the light most favorable to the non-

23  moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013) (internal

24  citations omitted).

25        //

26        //

ORDER
C19-1410-JCC
PAGE - 2

**B.  Defendants' Objections**

      1.  <u>Judicial Notice of Documents</u>

     The report and recommendation declined to take judicial notice of several exhibits submitted by Defendants in support of their motion to dismiss. (*See* Dkt. Nos. 14 at 14–139, 22 at 9–10.) Judge Theiler reasoned that the exhibits, which contain excerpts of testimony from Plaintiff's trial prior to his halftime motion to dismiss, are incomplete, irrelevant, and otherwise inadmissible in the context of a Rule 12(b)(6) motion. (*See* Dkt. Nos. 14 at 14–139, 22 at 9–10.) Defendants object to Judge Theiler's decision to not take judicial notice of the exhibits. (*See* Dkt. No. 23 at 2.)

     A court may take judicial notice of "matters of public record" when ruling on a Rule 12(b)(6) motion even if the material is not contained within the complaint. *See* Fed. R. Evid. 201; *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). A court may also take judicial notice of a fact "not subject to reasonable dispute" because the fact "can be accurately and readily determined." Fed. R. Evid. 201(b)(2). Such matters include court filings, such as pleadings and orders, and records of administrative bodies. *See Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1233 (C.D. Cal. 2003). And if a party introduces part of a written statement, the opposing party may introduce any other part of that statement "that in fairness ought to be considered at the same time." Fed. R. Evid. 106.

     Plaintiff's complaint does not rely upon or reference the exhibits at issue. (*See* Dkt. Nos. 8 at 12–16, 24 at 2.) Further, the evidence Judge John Erlick relied on to rule on Plaintiff's halftime motion to dismiss in his underlying criminal proceedings was entirely different from the evidence contained in the exhibits. (*See* Dkt. No. 22 at 10.) In fact, the exhibits redact portions of testimony on which Judge Erlick actually relied. (*Id.*) Because the exhibits are incomplete and exclude relevant evidence, they do not establish that Plaintiff has failed to assert a plausible claim for malicious prosecution. And the Court need not consider the exhibits in determining whether Plaintiff's other claims are subject to dismissal. Therefore, the report and

1  recommendation did not err when it declined to take judicial notice of the exhibits, and

2  Defendants' objections are OVERRULED on this ground.

3             2.   Collateral Estoppel

4        In their motion to dismiss, Defendants argued that collateral estoppel precludes Plaintiff

5  from establishing an essential element of his malicious prosecution claim: a lack of probable

6  cause. (*See* Dkt. No. 22 at 11.) Judge Theiler's report and recommendation rejected Defendants'

7  argument, finding that because Judge Erlick considered evidence that was not available to

8  Plaintiff's arresting officers, collateral estoppel did not apply. (Dkt. No. 22 at 15.) In their

9  objections, Defendants argue that *Hanson v. City of Snohomish*, 852 P.2d 295 (Wash. 1993),

10 should apply and that Judge Theiler erroneously applied federal rather than state law. (*See* Dkt.

11 No. 23 at 3.) Defendants also argue that there was no material difference in the evidence that

12 Judge Erlick considered versus the evidence known to the arresting officers. (*Id.* at 6.)

13       To establish a claim of malicious prosecution, a plaintiff must show there was a "want of

14 probable cause for the institution or continuation of the prosecution." *Bender v. City of Seattle*,

15 664 P.2d 492 (Wash. 1983); *accord McCarthy v. Barrett*, No. C09-5120-RBL, Dkt. No. 96

16 (W.D. Wash. 2011). Probable cause is a complete defense to a claim of malicious prosecution.

17 *Hanson*, 852 P.2d at 295. Probable cause must be determined at the time the arrest is made. *Allen

18 v. City of Portland*, 73 F.3d 232, 236 (9th Cir. 1995); *accord Nieves v. Bartlett*, 139 S. Ct. 1715,

19 1728 (2019). If a court found in a previous proceeding that probable cause justified a plaintiff's

20 arrest, collateral estoppel precludes a subsequent malicious prosecution claim. *See Awabdy v.

21 City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004).

22       To show that collateral estoppel applies to a claim, a party must first establish that the

23 issues in the prior and current actions are identical. *Afoa v. Port of Seattle*, 421 P.3d 903 (Wash.

24 2018). In *Hanson*, the Washington State Supreme Court held that the plaintiff's malicious

25 prosecution claim was barred by collateral estoppel because he was convicted by a jury in his

26 initial proceeding. 852 P.2d at 296. The court held the plaintiff's prior conviction was

"conclusive evidence of probable cause," reasoning that "a conviction is strong evidence that there was enough of a case to persuade a jury of guilt beyond a reasonable doubt, and thus is evidence that there was, at the very least, probable cause." *Id.* at 299. While Defendants rely on *Hanson* to assert that Judge Erlick's finding of probable cause is analogous to the initial conviction in *Hanson*, that case is distinguishable from the facts at hand. (Dkt. No. 23 at 4.) A jury's determination of guilt is significantly different from a trial court judge's ruling on a halftime motion to dismiss. (*See* Dkt. No. 22 at 11.) And, in constrast to *Hanson*, Plaintiff was acquitted by a jury. (*See id.* at 1.) Therefore, there is no "conviction" here which collateral estoppel could apply.[1]

In determining the preclusive effect of a state court judgment, a federal court looks to the preclusion laws of that state. *See Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 765 (9th Cir. 2007). "Federal courts must give preclusive effect to state court judgments whenever courts of state[s] from which judgments emerged would do so." *Wige v. City of Los Angeles*, 713 F.3d 1183, 1185 (9th Cir. 2013). It appears that Washington courts have yet to address the issue of whether a halftime ruling, which finds probable cause but precedes an acquittal, constitutes an identity of issues for a malicious prosecution claim. But California has an identical identity-of-issues element for collateral estoppel. *Id.* at 1185.  Courts applying California law have determined that a probable cause ruling in a preliminary hearing does not satisfy the identity-of-issues element "[i]f the evidence known to the arresting officers is materially different from the evidence presented at the preliminary hearing." *Id.* (citing California and federal caselaw). As discussed below, Plaintiff has established a plausible claim that Judge Erlick relied on evidence that was materially different from the evidence available to the arresting officers.

---

[1] Defendants also cite *Peasley v. Puget Sound Tug & Barge Co.*, 125 P.2d 681 (Wash. 1942) for the proposition that "competent evidence establishing actual guilt" defeats a malicious prosecution claim. But *Peasley* is distinguishable for the same reasons as *Hanson*: Judge Erlick's halftime ruling is different from a jury conviction establishing actual guilt, and Plaintiff was in fact acquitted in his underlying criminal proceedings. (*See* Dkt. No. 22 at 1.)

Therefore, Judge Theiler properly applied the rules set forth in *Wige* to assess Plaintiff's claim of malicious prosecution in the context of Defendants' motion to dismiss. (*See* Dkt No. 22 at 11.)

Under *Wige*, the issue here is whether Judge Erlick's ruling on Plaintiff's halftime motion to dismiss was based on evidence that was not materially different than that in the probable cause certification. (*See* Dkt. No. 22 at 5.) The record shows that Judge Erlick denied Plaintiff's motion specifically because of the testimony of a witness named "Ms. Ault," who was not mentioned in the probable cause certification. (*See id.* at 13–14.) In fact, Ms. Ault's testimony played a critical role in Judge Erlick's ruling because he found that her testimony "corroborat[ed]" Newell's testimony. (*Id.* at 14.) Accordingly, Judge Erlick relied on evidence that was materially different[2] from the evidence known to Defendants Broggi and Olmstead in initiating or continuing Plaintiff's prosecution. Thus, Defendants have not met the first element of their collateral estoppel claim. Therefore, Defendants' objections are OVERRULED on this ground.

### 3.  Qualified Immunity

In their motion to dismiss, Defendants argued that Defendants Broggi and Olmstead were entitled to qualified immunity under § 1983 as to Plaintiff's judicial deception claim because the search warrant affidavit established probable cause. (Dkt. No. 13 at 16.) The report and recommendation declined to consider Defendants' arguments on qualified immunity at this stage of the case. (Dkt. No. 22 at 20–21.) In their objections, Defendants argue that the record is

---

[2] Defendants also argue that because Judge Erlick relied on evidence that was not materially different from evidence in the probable cause certification, collateral estoppel applies under *Wige*. (*See* Dkt. No. 23 at 6.)  Defendants rely on *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 439 (7th Cir. 1986), which held that if a detective receives information from an eyewitness who can be reasonably believed to have told the truth, no corroboration is necessary for their testimony to be credible. (*See* Dkt. No. 22 at 6.) Defendants thus argue that because Ms. Ault corroborated Newell's testimony, who was an eyewitness, her testimony is unnecessary and is thus immaterial. (*See id.*) However, Defendants' argument requires the Court to infer a "reasonable belief" that Newell told the truth. *Gramenos*, 797 F.2d at 439. In ruling on a Rule 12(b)(6) motion, the Court must resolve this inference in Plaintiff's favor. *See* Fed. R. Civ. P. 12(b)(6). Therefore, Ms. Ault's testimony must be considered material for the purposes of Defendants' motion, and Defendants' argument to the contrary is unavailing.

1    sufficiently developed to allow the Court to make this determination. (Dkt. No. 23 at 11.)

2        The United States Supreme Court's decision in *Franks v. Delaware*, 438 U.S. 154 (1978),

3    sets forth the standard for a qualified immunity defense to a civil rights claim of "judicial

4    deception." Qualified immunity does not apply if a defendant submitted an affidavit containing

5    statements that: (1) they knew to be false; or (2) they would have known to be false had they not

6    recklessly disregarded the truth, and no other accurate information sufficient for probable cause

7    supported the false statements. *Branch v. Tunnell*, 937 F.2d 1382, 1387 (9th Cir. 1991),

8    *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

9    "Whether the alleged judicial deception was brought about by material false statements or

10   material omissions is of no consequence." *Liston v. Cty. of Riverside*, 120 F.3d 965, 973 (9th Cir.

11   1997). In considering a motion to dismiss, the court examines an official's conduct as "alleged in

12   the complaint." *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (emphasis omitted). "[D]ismissal

13   is not appropriate unless [the court] can determine, based on the complaint itself, that qualified

14   immunity applies." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (quoting *Groten v.*

15   *California*, 251 F.3d 844, 851 (9th Cir. 2001)).

16       Here, the parties and Judge Theiler set forth detailed descriptions of the facts relevant to

17   whether the warrant affidavits at issue established probable cause, (*see* Dkt. Nos. 22 at 18–20, 23

18   at 7–8, 24 at 6–7), and the Court will not repeat them here. Taking the allegations in Plaintiff's

19   first amended complaint as true and resolving all reasonable inferences in Plaintiff's favor,

20   Plaintiff alleges a sufficient factual basis to sustain his claim of judicial deception over

21   Defendants' qualified immunity defense. (*See* Dkt. No. 22 at 19–20.) For example, Plaintiff

22   alleges misstatements including that (1) only Newell identified the shooter as wearing a

23   backpack, whereas the affidavit stated that "Newell *and others* described a brown leather

24   backpack," and (2) only Newell was shown the photo montage, whereas the affidavit stated that

25   both Newell and Meyer were shown the montage. (*See* Dkt. No. 22 at 20.) Plaintiff also alleges

26   omissions including that (1) the affidavits omit Falgout and Newell's testimony about how the

shooter left the scene in a black car but do include that Plaintiff drove a white or silver car, and (2) the affidavits omit that a search of Cuadra's phone did not show any calls from Plaintiff after the shooting. (*Id.*) Because Defendants have not demonstrated that Plaintiff's judicial deception claim is barred by qualified immunity based on the allegations set forth in Plaintiff's complaint, the Court will not weigh the relative merits of each party's probable cause arguments at this time. *See Obrien*, 818 F.3d at 936. Defendants' objections are OVERRULED on this ground.

### 4.  Exculpatory Evidence and Plaintiff's § 1983 Claim

In his first amended complaint, Plaintiff alleges that Defendants "withheld numerous . . . pieces of material exculpatory evidence," including emails, texts, phone records, evidence of favorable treatment, and other communications, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (Dkt. No. 8 at 15.) Plaintiff further alleges "the delays in disclosure of this material, exculpatory evidence caused delays in Mr. Wheeler's trial and extended the length of his unlawful pre-trial detention." (*Id.* at 16.) Plaintiff accordingly brings a § 1983 claim against Defendants based on these allegations. (Dkt. No. 8 at 17.)

In their motion to dismiss, Defendants argued that Plaintiff's § 1983 claim must be dismissed because Plaintiff's trial counsel had access to the exculpatory evidence at issue. (*See* Dkt. No. 23 at 8.) The report and recommendation rejected Defendants' argument, finding that Defendants only contested one piece of evidence that Plaintiff alleges was improperly withheld and that other pieces of evidence sustained Plaintiff's claim. (Dkt. No. 22 at 22.) In their objections, Defendants claim that the report and recommendation erred by not considering legal authority holding that if the alleged exculpatory evidence was available to the defendant at trial, no *Brady* violation has occurred. (*See* Dkt. No. 23 at 8.) Defendants also ask the Court to grant a certificate permitting an appeal of this issue under 28 U.S.C. § 1292(b). (*See* Dkt. No. 23 at 9.)

To establish a claim under *Brady*, a plaintiff must show that the nondisclosure of exculpatory evidence "was so serious that there was a reasonable probability that the suppressed evidence would have produced a different verdict." *Strickler v. Greene*, 527 U.S. 263 (1999); *see*

*United States v. McKinney*, 758 F.2d 1036, 1049 (5th Cir. 1985) (no violation under *Brady* where evidence favorable and material to the defense is disclosed during the trial). Defendants argue that Plaintiff fails to state a *Brady* claim because any exculpatory evidence was eventually disclosed at Plaintiff's trial. (*See* Dkt. No. 23 at 9–10.) In response, Plaintiff argues that the claim doesn't rely on *Brady* but alleges a broader due process violation: his "right 'to be free from deprivations of liberty without due process of law.'" (Dkt. No. 24 at 9.) Plaintiff cites *Soo Park v. Thompson*, 851 F.3d 910, 923 (9th Cir. 2017) for the proposition that a due process violation occurs where a prosecutor obstructs the defense's efforts to present exculpatory witness testimony. *Id.* And Plaintiff also argues that numerous pieces of exculpatory evidence were not properly or timely disclosed to his trial counsel. (*See id.*) Because the prosecution in Plaintiff's criminal case, by not timely disclosing exculpatory evidence, may have obstructed Plaintiff's trial counsel's ability to present that testimony, Plaintiff states a plausible claim. *See Soo Park*, 851 F.3d at 923.

Defendants also argue that Plaintiff's acquittal bars his § 1983 claim. (Dkt. No. 23 at 9–10.) "[A]n acquittal does not bar a Section 1983 action based on a due process violation during an underlying criminal proceeding." *Soo Park*, 815 F.3d at 923. Thus, "'acquittal does not erase all injury,' but instead 'speaks only to the amount of damages.'" *Id.* (quoting *Haupt v. Dillard*, 17 F.2d 285, 287 (9th Cir. 1994)). Therefore, Plaintiff's § 1983 claims are not barred by the fact that he was acquitted. (*See* Dkt. No. 13 at 22–23.) Accordingly, Defendants' objections are OVERRULED on this ground. Further, the Court DENIES Defendants' request for a certificate permitting an appeal pursuant to 28 U.S.C. 1292(b) on the question of whether an acquittal prohibits a § 1983 claim, given that the Ninth Circuit has already spoken on this issue. *See Soo Park*, 851 F.3d at 923.

### 5.  Plaintiff's Municipal Liability Claim

Judge Theiler's report and recommendation rejected Defendants' request to dismiss Plaintiff's municipal liability claim under *Monell v. Dep't of Social Servs. of City of New York*,

436 U.S. 658 (1978), finding that Plaintiff alleged sufficient factual support to assert a plausible claim for relief. (Dkt. No. 22 at 24.) Defendants object to Judge Theiler's conclusion, offering legal authority purportedly establishing that a municipality's defense of a lawsuit alone does not constitute ratification. (*See* Dkt. No. 23 at 10.)

Section 1983 creates a cause of action against a municipality when a municipal "policy" or "custom" caused the alleged injury. For a *Monell* claim to withstand a Rule 12(b)(6) motion, the pleadings must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *A.E. ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). That is, the facts must "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

*Monell* claims may be premised on the "ratification of a subordinate's unconstitutional conduct by a local government official with final policy-making authority." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010). "Policy or custom may be inferred if, after constitutional violations occurred . . . officials took no steps to reprimand or discharge [their subordinates], or if they otherwise failed to admit [their] conduct was in error." *McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986).

Here, Plaintiff alleges that "King County is liable for these constitutional violations by virtue of its condonation and ratification of them and similar conduct by its officers and agents." (Dkt Nos. 8 at 17, 24 at 11.) Specifically, Plaintiff asserts that Defendant King County maintains an "unwritten policy" that may have caused the violations at issue, citing the scope of the alleged violations in the underlying investigation, the number of King County officers involved, and Defendant King County's persistent defense of those violations in the underlying criminal proceedings and in this lawsuit. (*See* Dkt. No. 24 at 11.) The allegations set forth in Plaintiff's first amended complaint are sufficiently plausible and specific to satisfy the standard set forth by *AE ex. rel. Hernandez*, 666 F.3d at 637, especially given that the Supreme Court has rejected a

"heightened pleading" requirement for these claims. *See Leatherman v. Tarrant City Narcotics Unit*, 507 U.S. 163, 168 (1993). And while Defendants cite the Ninth Circuit's decision in *Haugen v. Brosseau*, 315 F.3d 372 (9th Cir. 2003), *rev'd on other grounds Brosseau v. Haugen*, 543 U.S. 194 (2004), that case is readily distinguishable. *Haugen* affirmed the summary judgment dismissal of the plaintiff's *Monell* claims because "there are no facts in the record that suggest that the single failure to discipline Haugen rises to the level of such a ratification." *See id.* at 393. In contrast, Plaintiff has alleged sufficient facts in his first amended complaint to assert a plausible claim under *Monell* and thus to survive Defendants' motion to dismiss.; (Dkt Nos. 8 at 17, 24 at 11). Therefore, Defendants' objections are OVERRULED on this ground.

## III.   CONCLUSION

For the foregoing reasons, the Court hereby FINDS and ORDERS as follows:

1. Defendants' objections to the report and recommendation (Dkt No. 23) are OVERRULED;

2. The Court APPROVES and ADOPTS the report and recommendation (Dkt. No. 22);

3. Defendants' motion to dismiss (Dkt. No. 13) is DENIED; and

4. The Clerk is DIRECTED to send copies of this order to the parties and Judge Theiler.

DATED this 4th day of May 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE