The Honorable John C. Coughenour
United States District Court Judge
The Honorable Mary Alice Theiler
United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RODNEY WHEELER,

                    Plaintiff,

    vs.

ELEANOR BROGGI, MATTHEW OLMSTEAD;
and KING COUNTY,

                    Defendants.

No. 2:19-cv-01410-JCC-MAT

KING COUNTY'S ANSWER TO
PLAINTIFF'S COMPLAINT FOR
DAMAGES AND COUNTERCLAIM
AND JURY DEMAND

Defendants Eleanor Broggi, Matthew Olmstead and King County ("Defendants"), in answer to Plaintiff's complaint, admit, deny and allege as follows:

## I.    **NATURE OF THE CASE**

1.1.    In answering paragraph 1.1 of Plaintiff's complaint, Defendants deny that Defendants Eleanor Broggi and Matthew Olmstead caused Plaintiff to be arrested and charged without probable cause.  Defendants deny that Defendants made materially false statements in affidavits for search warrants for Plaintiff's cell phone records.  Defendants deny that they made false statements or omitted facts that would have undermined the allegations against Plaintiff. Defendants deny that they ignored evidence and withheld exculpatory evidence.  Defendants admit that Plaintiff spent more than two years in pretrial detention before he was acquitted.

KING COUNTY DEFENDANTS' ANSWER TO COMPLAINT
FOR DAMAGES AND COUNTERCLAIM - 1
[2:19-CV-01410-MAT]

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

Defendants are without sufficient information to determine the truth or falsity of the remaining allegations contained therein, and, therefore, deny the same.  Any other or different allegations are denied.

## II.    PARTIES

2.1.    In answering paragraph 2.1 of Plaintiff's complaint, Defendants are without sufficient information to determine the truth or falsity of the allegations contained therein, and, therefore, deny the same.

2.2.    In answering paragraph 2.2 of Plaintiff's complaint, Defendants admit.

2.3.    In answering paragraph 2.3 of Plaintiff's complaint, Defendants admit that Matthew Olmstead was at all times relevant to this action a King County Sheriff's Detective, acting within the scope of his employment as an agent of King County and under color of state law.  As to J. Does 1-4, King County defendants have no obligation to answer allegations pertaining to John or Jane Does.

2.4.    In answering paragraph 2.4 of Plaintiff's complaint, Defendants admit only that King County is a home rule charter county and a political subdivision of the State of Washington.

## III.    JURISDICTION AND VENUE

3.1.    In answering paragraph 3.1 of Plaintiff's complaint, Defendants leave the issue of jurisdiction and venue to the court.

3.2.    In answering paragraph 3.2 of Plaintiff's complaint, Defendants leave the issue of jurisdiction and venue to the court.

3.3.    In answering paragraph 3.3 of Plaintiff's complaint, Defendants admit.

KING COUNTY DEFENDANTS' ANSWER TO COMPLAINT
FOR DAMAGES AND COUNTERCLAIM - 2
[2:19-CV-01410-MAT]

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

## IV.   **FACTUAL ALLEGATIONS**

2

4.1.    In answering paragraph 4.1 of Plaintiff's complaint, Defendants admit that on

3

August 31, 2016, a man named Justin Love was shot and killed following an argument outside

4

the Motel 6 located at 18900 47th Avenue South in Sea-Tac, Washington. A stray bullet from the

5

shooting also hit and wounded another guest who was inside the hotel.  Defendants are without

6

sufficient information with respect to Justin Love's ethnicity.

7

4.2.    In answering paragraph 4.2 of Plaintiff's complaint, Defendants admit that the

8

shooting occurred at or about 9:55 p.m.

9

4.3.    In answering paragraph 4.3 of Plaintiff's complaint, Defendants admit that the

10

suspected shooter and Love were on opposite sides of a fence that divides the Motel 6 parking lot

11

from South 189th Street; at the time he was shot, Love was near the fence from inside the

12

parking lot and the shooter was on the other side.  Defendants are without sufficient information

13

as to whether Love was climbing the fence at the time he was shot, and thereby deny the same.

14

4.4.    In answering paragraph 4.4 of Plaintiff's complaint, Defendants admit that three

15

eyewitnesses gave detailed statements to the police: Michael Meyer and William Newell (two of

16

Love's friends), and Brian Falgout, an uninvolved witness parked nearby.  Defendants deny that

17

the three eyewitnesses were in close proximity to the suspected shooter.

18

4.5.    In answering paragraph 4.4 of Plaintiff's complaint, Defendants deny.

19

4.6.    In answering paragraph 4.6 of Plaintiff's complaint, Defendants admit that

20

Meyer, who was climbing the fence next to Love when Love was shot, spoke to one of the first

21

officers to respond to the scene and gave a description of the shooter.  Defendants deny that the

22

description alleged by Plaintiff is the complete description.

23

KING COUNTY DEFENDANTS' ANSWER TO COMPLAINT
FOR DAMAGES AND COUNTERCLAIM - 3
[2:19-CV-01410-MAT]

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

4.7.    In answering paragraph 4.7 of Plaintiff's complaint, Defendants admit that in a recorded statement taken less than two hours after the shooting, Meyer gave a description of the suspected shooter.  Defendants deny the description alleged by Plaintiff is the complete description.

4.8.    In answering paragraph 4.8 of Plaintiff's complaint, Defendants admit that Newell, who was also near Love at the fence, gave a description of the suspected shooter in a recorded statement taken after the shooting.  Defendants deny the description alleged by Plaintiff is the complete description.

4.9.    In answering paragraph 4.9 of Plaintiff's complaint, Defendants admit that Newell gave a description of the suspected shooter.  Defendants deny the description alleged by Plaintiff is the complete description.

4.10.    In answering paragraph 4.10 of Plaintiff's complaint, Defendants admit that Newell told police he had seen the suspect at the Motel 6 numerous times jumping the fence. Defendants are without sufficient information to determine the truth or falsity of additional allegations contained therein, and, therefore, deny the same.

4.11.    In answering paragraph 4.11 of Plaintiff's complaint, Defendants admit that at approximately 10:33 p.m., Falgout called 911 and reported seeing someone wearing a black hoodie at a blue apartment complex near the scene of the shooting.  Defendants deny that the statements alleged by Plaintiff are the complete statements made by Falgout to the 911 operator.

4.12.    In answering paragraph 4.12 of Plaintiff's complaint, Defendants admit that in a written statement taken by the police at 11:30 p.m. on August 31, 2016, Falgout stated that the shooter was wearing "all dark clothes" and drove away in "a small black car."  Defendants deny that the statements alleged by Plaintiff are his complete written statement.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

4.13.   In answering paragraph 4.13 of Plaintiff's complaint, Defendants admit that in a follow-up interview on September 16, 2016, Falgout stated that he "thought" the suspected shooter was wearing "a black hoodie," although the suspected shooter was standing in the dark. Falgout stated "I don't know for sure." Falgout stated he thought the suspected shooter drove away in a "little black car." Defendants deny any remaining allegations.

4.14.   In answering paragraph 4.14 of Plaintiff's complaint, Defendants admit that Newell described the shooter as wearing a brown backpack. Defendants are without sufficient information to determine the truth or falsity of the remaining allegations as to contained therein as to other witnesses, and therefore, deny the same.

4.15.   In answering paragraph 4.15 of Plaintiff's complaint, Defendants deny that Wheeler did not match the descriptions of the shooter. Defendants admit that Plaintiff was seen on surveillance video passing near the scene of the shooting immediately before the shooting. Defendants deny that Plaintiff was seen on surveillance video passing near the scene of the shooting before the altercation. Defendants admit only that Plaintiff was wearing jeans, a hoodie, a baseball cap. Defendants are without sufficient information to determine the truth or falsity of the allegations regarding the colors of Plaintiff's clothing, his hairstyle and whether Plaintiff was driving a black car and therefore, deny the same and any remaining factual allegations.

4.16.   In answering paragraph 4.16 of Plaintiff's complaint, Defendants admit that surveillance video shows Plaintiff exiting the motel and walking towards a fence at the edge of the property. Defendants are without sufficient information to determine the truth or falsity of the allegations contained therein regarding Plaintiff's emotional state at the time, and therefore, deny the same. Defendants deny that Plaintiff was gone before the altercation that led to the

KING COUNTY DEFENDANTS' ANSWER TO COMPLAINT
FOR DAMAGES AND COUNTERCLAIM - 5
[2:19-CV-01410-MAT]

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    shooting began.  Defendants admit Newell and Love are shown on surveillance video coming out

2    of their motel room.  Defendants are without sufficient information to determine the truth or

3    falsity of the remaining allegations contained therein, and, therefore, deny the same.

4        4.17.    In answering paragraph 4.17 of Plaintiff's complaint, Defendants are without

5    sufficient information to determine the truth or falsity of the allegations contained therein, and,

6    therefore, deny the same.

7        4.18.    In answering paragraph 4.18 of Plaintiff's complaint, Defendants are without

8    sufficient information to determine the truth or falsity of the allegations contained therein, and,

9    therefore, deny the same.

10       4.19.    In answering paragraph 4.19 of Plaintiff's complaint, Defendants admit that

11   Detective Eleanor Broggi was assigned to the investigation of the Motel 6 homicide as lead

12   investigator.  Defendants admit that Detective Matthew Olmstead assisted in the investigation.

13   To the extent that additional factual allegations are intended, they are hereby denied.

14       4.20.    In answering paragraph 4.20 of Plaintiff's complaint, Defendants admit on

15   September 6 and 7, 2016, Detective Broggi sent witness Newell emails with photos of black men

16   taken from the Motel 6 surveillance video.  Defendants are without sufficient information to

17   determine the truth or falsity of the remaining allegations, and, therefore, deny the same.

18       4.21.    In answering paragraph 4.21 of Plaintiff's complaint, Defendants deny the photos

19   were of poor quality and highly suggestive.  Defendants admit that photos sent on September 7,

20   2016 were of the Plaintiff, and they displayed a date and timestamp showing him in the motel

21   shortly before the murder.

22       4.22.    In answering paragraph 4.22 of Plaintiff's complaint, Defendants admit that

23   Plaintiff was the only man shown in the photos with a backpack and Detective Broggi sent the

KING COUNTY DEFENDANTS' ANSWER TO COMPLAINT
FOR DAMAGES AND COUNTERCLAIM - 6
[2:19-CV-01410-MAT]

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

photos only to Newell, the only witness who claimed to have seen a brown backpack.

Defendants deny the remaining allegations.

4.23.    In answering paragraph 4.23 of Plaintiff's complaint, Defendants are without sufficient information to determine the truth or falsity of the remaining allegations contained therein, and, therefore, deny the same.

4.24.    In answering paragraph 4.24 of Plaintiff's complaint, Defendants are without sufficient information to determine the truth or falsity of the remaining allegations contained therein, and, therefore, deny the same.

4.25.    In answering paragraph 4.25 of Plaintiff's complaint, Defendants deny.

4.26.    In answering paragraph 4.26 of Plaintiff's complaint, Defendants admit that in an email written on September 9 from Detective Broggi to Sgt. Ryan Abbott, she wrote that an unidentified individual was "our shooter but no pc yet," and wrote that "Once identified I need to do a montage." Defendants deny any remaining allegations.

4.27.    In answering paragraph 4.27 of Plaintiff's complaint, Defendants admit that on September 15, Detective Broggi traveled to Oregon to meet with Newell and Meyer and conduct a photo montage with each of them separately. Defendants admit that the montage photo of Wheeler did not show him wearing a backpack.  Defendants deny any remaining allegations.

4.28.    In answering paragraph 4.28 of Plaintiff's complaint, Defendants admit that on September 15, Detective Broggi sent a copy of a photograph of a person, later identified as Plaintiff, to the prosecutor with the message: "This is going to be our shooter."  Defendants deny any remaining allegations.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

4.29.   In answering paragraph 4.29 of Plaintiff's complaint, Defendants admit that on September 15, neither Newell nor Meyer picked Plaintiff from the montage.  Defendants deny the remaining allegations.

4.30.   In answering paragraph 4.30 of Plaintiff's complaint, Defendants deny.

4.31.   In answering paragraph 4.31 of Plaintiff's complaint, Defendants are without sufficient information to determine the truth or falsity of the remaining allegations contained therein, and, therefore, deny the same.

4.32.   In answering paragraph 4.32 of Plaintiff's complaint, Defendants admit.

4.33.   In answering paragraph 4.33 of Plaintiff's complaint, Defendants deny.

4.34.   In answering paragraph 4.34 of Plaintiff's complaint, Defendants are without sufficient information to determine the truth or falsity of the remaining allegations contained therein, and, therefore, deny the same.

4.35.   In answering paragraph 4.35 of Plaintiff's complaint, Defendants admit in the warrant affidavit, Detective Olmstead wrote that "Newell advised that he had seen the same black male roughly 20 times during the preceding weeks that he had been staying at the motel." Defendants deny the remainder of this paragraph.

4.36.   In answering paragraph 4.36 of Plaintiff's complaint, Defendants admit in the warrant affidavit, Detective Olmstead stated that "Police received reports from witnesses that the suspect then fled the area, possibly in a vehicle."  Defendants deny the remainder of the paragraph.

4.37.   In answering paragraph 4.37 of Plaintiff's complaint, Defendants admit in the warrant affidavit, Detective Olmstead stated that the surveillance video of a "possible suspect" "matched the description provided by Newell."  Defendants deny the remainder of the paragraph.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1      4.38.    In answering paragraph 4.38 of Plaintiff's complaint, Defendants deny.

2      4.39.    In answering paragraph 4.39 of Plaintiff's complaint, Defendants admit in the

3  warrant affidavit, Detective Olmstead stated that "[s]till photographs of the video depicting the

4  possible suspect were shown to Meyer and Newell separately.  Both agreed that the still

5  photographs appeared to be the same person who shot Love."  Defendants admit the statement

6  pertaining to Meyer was in error, because Meyer was not shown the photographs.  Defendants

7  deny the remainder of the paragraph.

8      4.40.    In answering paragraph 4.40 of Plaintiff's complaint, Defendants admit that the

9  affidavit omitted the fact that neither Newell nor Meyer identified Plaintiff from a photographic

10  montage.  Defendants deny this omission was false and misleading.  To the extent additional

11  factual allegations are intended or legal conclusions contrary to applicable law are alleged, they

12  are hereby denied.

13      4.41.    In answering paragraph 4.41 of Plaintiff's complaint, Defendants admit the

14  warrant affidavit says that Daniela Cuadra and Abelina Kidane reported that the Plaintiff called

15  them about 20 minutes after the shooting, "Wheeler called to inquire how [Cuadra] was doing

16  and asked numerous questions about the happenings at the Motel 6.  Cuadra thought it strange"

17  and that "Wheeler continued to call Cuadra, encouraging her to leave the motel and asked a lot of

18  further questions regarding police activity."  Defendants deny the remainder of the paragraph.

19      4.42.    In answering paragraph 4.42 of Plaintiff's complaint, Defendants make no

20  response as the allegations appear to contain only legal conclusions for which no response is

21  required.  However, to the extent factual allegations are intended or legal conclusions contrary to

22  applicable law are alleged, they are hereby denied.

23      4.43.    In answering paragraph 4.43 of Plaintiff's complaint, Defendants deny.

KING COUNTY DEFENDANTS' ANSWER TO COMPLAINT
FOR DAMAGES AND COUNTERCLAIM - 9
[2:19-CV-01410-MAT]

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1      4.44.    In answering paragraph 4.44 of Plaintiff's complaint, Defendants are without

2   sufficient information to determine the truth or falsity of the remaining allegations contained

3   therein, and, therefore, deny the same.

4      4.45.    In answering paragraph 4.45 of Plaintiff's complaint, Defendants admit.

5      4.46.    In answering paragraph 4.46 of Plaintiff's complaint, Defendants deny.

6      4.47.    In answering paragraph 4.47 of Plaintiff's complaint, Defendants admit.

7      4.48.    In answering paragraph 4.48 of Plaintiff's complaint, Defendants make no

8   response as the allegations appear to contain only legal conclusions for which no response is

9   required.  However, to the extent factual allegations are intended or legal conclusions contrary to

10  applicable law are alleged, they are hereby denied.

11     4.49.    In answering paragraph 4.49 of Plaintiff's complaint, Defendants admit the

12  warrant affidavit stated, "Newell advised that he had seen the same black male roughly 20 times

13  during the preceding weeks that he had been staying at the motel."  Defendants make no

14  response to the remainder of the paragraph as the allegations appear to contain only legal

15  conclusions for which no response is required.  However, to the extent factual allegations are

16  intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

17     4.50.    In answering paragraph 4.50 of Plaintiff's complaint, Defendants admit in the

18  warrant affidavit, Detective Olmstead stated that "Police received reports from witnesses that the

19  suspect fled the area, possibly in a vehicle."  Defendants make no response to the remainder of

20  the paragraph as the allegations appear to contain only legal conclusions for which no response is

21  required.  However, to the extent factual allegations are intended or legal conclusions contrary to

22  applicable law are alleged, they are hereby denied.

23

KING COUNTY DEFENDANTS' ANSWER TO COMPLAINT
FOR DAMAGES AND COUNTERCLAIM - 10
[2:19-CV-01410-MAT]

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    4.51.   In answering paragraph 4.51 of Plaintiff's complaint, Defendants admit in the

2  warrant affidavit, Detective Olmstead stated that the surveillance video of Plaintiff "matched the

3  description provided by Newell."  Defendants make no response to the remainder of the

4  paragraph as the allegations appear to contain only legal conclusions for which no response is

5  required.  However, to the extent factual allegations are intended or legal conclusions contrary to

6  applicable law are alleged, they are hereby denied.

7    4.52.   In answering paragraph 4.52 of Plaintiff's complaint, Defendants deny.

8    4.53.   In answering paragraph 4.53 of Plaintiff's complaint, Defendants admit that in the

9  warrant affidavit, Detective Olmstead stated that "[s]till photographs of the video depicting the

10  possible suspect were shown to Meyer and Newell separately.  Both agreed that the still

11  photographs appeared to be the same person who shot Love."  Defendants admit the statement

12  pertaining to Meyer was in error, because Meyer was not shown the photographs.   Defendants

13  make no response to the remainder of the paragraph as the allegations appear to contain only

14  legal conclusions for which no response is required.  However, to the extent factual allegations

15  are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

16    4.54.   In answering paragraph 4.54 of Plaintiff's complaint, Defendants admit that the

17  affidavit did not include the fact that Meyer and Newell had been shown a photographic

18  montage.  Defendants deny these omissions were misleading.  Defendants make no response to

19  the remainder of the paragraph as the allegations appear to contain only legal conclusions for

20  which no response is required.  However, to the extent factual allegations are intended or legal

21  conclusions contrary to applicable law are alleged, they are hereby denied.

22    4.55.   In answering paragraph 4.55 of Plaintiff's complaint, Defendants admit in the

23  warrant affidavit, Detective Olmstead stated that Daniela Cuadra and Abelina Kidane told police

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  that about 20 minutes after the shooting, "Wheeler called to inquire how she was doing and

2  asked numerous questions about the happenings at the Motel 6.  Cuadra thought it

3  strange…Wheeler continued to call Cuadra, encouraging her to leave the motel and asked a lot of

4  further questions regarding police activity."  Defendants deny this statement is false and

5  misleading.  Defendants deny that neither woman was a reliable witness.  Defendants are without

6  sufficient information as to all phone records, and therefore, deny the same.

7      4.56.    In answering paragraph 4.56 of Plaintiff's complaint, Defendants admit in the

8  warrant affidavit, Detective Olmstead stated that Plaintiff's phone records "revealed multiple

9  instances of phone activity by [his] number utilizing cellular towers in close proximity to the

10  Motel 6, just prior to the murder."  Defendants deny the statement was false or misleading, and

11  any remaining allegations.

12      4.57.    In answering paragraph 4.57 of Plaintiff's complaint, Defendants admit in the

13  warrant affidavit, Detective Olmstead stated that "[a]t the scene of the homicide on 8/31/16,

14  witness Newell and others described a brown leather backpack."  Defendants admit this

15  statement was made in error because only Newell described the brown leather backpack,

16  although another witness described a backpack.  Defendants make no response to the remainder

17  of the paragraph as the allegations appear to contain only legal conclusions for which no

18  response is required.  However, to the extent factual allegations are intended or legal conclusions

19  contrary to applicable law are alleged, they are hereby denied.

20      4.58.    In answering paragraph 4.58 of Plaintiff's complaint, Defendants make no

21  response as the allegations appear to contain only legal conclusions for which no response is

22  required.  However, to the extent factual allegations are intended or legal conclusions contrary to

23  applicable law are alleged, they are hereby denied.

KING COUNTY DEFENDANTS' ANSWER TO COMPLAINT
FOR DAMAGES AND COUNTERCLAIM - 12
[2:19-CV-01410-MAT]

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    4.59.    In answering paragraph 4.59 of Plaintiff's complaint, Defendants deny.

2    4.60.    In answering paragraph 4.60 of Plaintiff's complaint, Defendants are without

3    sufficient information to determine the truth or falsity of the remaining allegations contained

4    therein, and, therefore, deny the same.

5    4.61.    In answering paragraph 4.61 of Plaintiff's complaint, Defendants admit.

6    4.62.    In answering paragraph 4.62 of Plaintiff's complaint, Defendants admit.

7    4.63.    In answering paragraph 4.63 of Plaintiff's complaint, Defendants deny that the

8    probable cause certificate contained false or misleading statements.  Defendants deny that false

9    or misleading statements or material omissions were made knowingly and with reckless

10   disregard for the truth and for Plaintiff's constitutional rights.  To the extent factual allegations

11   are intended or legal conclusions contrary to applicable law are alleged, they are hereby denied.

12   4.64.    In answering paragraph 4.64 of Plaintiff's complaint, Defendants admit in the

13   probable cause certification, Detective Broggi wrote that eyewitness Meyer reported the

14   argument began "when a black male subject, whom he believed was shorter, but slender with

15   dreadlocks threw a rock at their window.  This subject had done the same thing to them while

16   they were at the motel the week prior."  Defendants deny the remainder of this paragraph.

17   4.65.    In answering paragraph 4.65 of Plaintiff's complaint, Defendants admit in the

18   probable cause certificate, Detective Broggi wrote that eyewitness Newell said "a black male,

19   about 6-0 with a skinny build, had been throwing rocks at the room [Newell] was sharing with

20   his coworkers while yelling, 'crackers'.  Newell further described this male as wearing dark

21   clothing, a baseball cap, and a brown suede backpack."  Defendants deny the remainder of this

22   paragraph.

23

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    4.66.    In answering paragraph 4.66 of Plaintiff's complaint, Defendants admit in the

2  probable cause certification, Detective Broggi wrote that eyewitness Newell said "he has seen

3  this subject at the motel numerous times" and wrote that that male "is depicted on Motel 6 video

4  on several dates, including the date of the murder."  Defendants deny the remainder of this

5  paragraph.

6    4.67.    In answering paragraph 4.67 of Plaintiff's complaint, Defendants admit.

7    4.68.    In answering paragraph 4.68 of Plaintiff's complaint, Defendants deny.

8    4.69.    In answering paragraph 4.69 of Plaintiff's complaint, Defendants admit Detective

9  Broggi wrote a cursory summary of Newell's description in a contemporaneous email on

10  September 7, 2016.  Defendants deny the remainder of this paragraph.

11    4.70.    In answering paragraph 4.70 of Plaintiff's complaint, Defendants deny.

12    4.71.    In answering paragraph 4.71 of Plaintiff's complaint, Defendants deny.

13    4.72.    In answering paragraph 4.72 of Plaintiff's complaint, Defendants admit that in the

14  probable cause certification, Detective Broggi wrote that Daniela Cuadra told police that shortly

15  after the shooting, Plaintiff "kept calling" Cuadra, "checking on her welfare and encouraging her

16  to leave the hotel."  Defendants deny the remainder of the paragraph.

17    4.73.    In answering paragraph 4.73 of Plaintiff's complaint, Defendants admit that in the

18  probable cause certification, Detective Broggi wrote that the warrant for Plaintiff's cell phone

19  records "showed that the phone was used before the time of the homicide in the area of this

20  incident as indicated by cell phone tower records."  Defendants deny the remainder of this

21  paragraph.

22

23

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

4.74.     In answering paragraph 4.74 of Plaintiff's complaint, Defendants admit that Detective Broggi signed the Certification for Determination of Probable Cause filed in King County Cause No. 16-1-05587-3.  Defendants deny the remainder of this paragraph.

4.75.     In answering paragraph 4.75 of Plaintiff's complaint, Defendants deny.

4.76.     In answering paragraph 4.76 of Plaintiff's complaint, Defendants deny.

4.77.     In answering paragraph 4.77 of Plaintiff's complaint, Defendants deny.

4.78.     In answering paragraph 4.78 of Plaintiff's complaint, Defendants deny.

4.79.     In answering paragraph 4.79 of Plaintiff's complaint, Defendants deny.

4.80.     In answering paragraph 4.80 of Plaintiff's complaint, Defendants deny.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Federal Civil Rights Violations Under 42 U.S.C. § 1983)

Answering Plaintiff's FIRST CAUSE OF ACTION portion of the complaint, re-allege their previous responses to Plaintiff's complaint as if fully set forth herein.

Plaintiff's causes of action 5.1-5.3 appear to contain legal conclusions for which no response is required.  However, to the extent factual allegations are intended and/or legal conclusions contrary to applicable law are alleged they are hereby denied.

### SECOND CAUSE OF ACTION
(State Law Claim)

Answering Plaintiff's SECOND CAUSE OF ACTION portion of the complaint, Defendants re-allege their previous responses to Plaintiff's complaint as if fully set forth herein.

Plaintiff's cause of action 5.4 appears to contain legal conclusions for which no response is required.  However, to the extent factual allegations are intended and/or legal conclusions contrary to applicable law are alleged they are hereby denied.

KING COUNTY DEFENDANTS' ANSWER TO COMPLAINT
FOR DAMAGES AND COUNTERCLAIM - 15
[2:19-CV-01410-MAT]

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

## VI.    JURY DEMAND

2      6.1.    Defendants request that this matter be tried by a jury.

3

## VII.    REQUEST FOR RELIEF

4           Answering paragraphs 7.1-7.5, Defendants deny that Plaintiff is entitled to any of the

5  relief sought in paragraphs 7.1-7.5 of their complaint.  Defendants further deny that Plaintiff has

6  any valid claim for relief or that he is entitled to any of the relief sought in any portion of his

7  complaint.  To the extent factual allegations are intended and/or legal conclusions contrary to

8  applicable law are alleged they are hereby denied.  King Country denies any remaining

9  allegations contained in the Plaintiff's complaint not expressly admitted herein.

10          BY WAY OF FURTHER ANSWER and AFFIRMATIVE DEFENSES, and without

11  admitting anything previously denied, Defendants allege as follows:

12      1.      Plaintiff has failed to state a claim upon which relief may be granted.

13      2.      If Plaintiff suffered any damages, recovery therefore is barred by Plaintiff's

14              failure to mitigate damages.

15      3.      Plaintiff's damages may have been proximately caused or contributed to by the

16              negligence or fault of Plaintiff.

17      4.      The injuries and/or damages sustained by the Plaintiff, if any, were not the

18              proximate cause of any action or omission by Defendants.

19      5.      Plaintiff's injuries and/or damages, if any, arose from causes intervening and/or

20              superseding any actions or inactions by Defendants.

21      6.      Plaintiff's claims are barred by the applicable statute of limitations.

22      7.      Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1983.

23

KING COUNTY DEFENDANTS' ANSWER TO COMPLAINT
FOR DAMAGES AND COUNTERCLAIM - 16
[2:19-CV-01410-MAT]

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

8.      Defendants at all times acted in good faith in the performance of duties and are therefore immune from suit and entitled to discretionary immunity for the matters alleged in the Plaintiff's complaint.

9.      Plaintiff has failed to identify any custom or policy of King County causing him any injury.

10.     If the Plaintiff sustained any injury or damage, the same was the result of reasonable and required conduct of Defendants under the circumstances and was excusable and justifiable in connection with the detention.

11.     Defendants assert the defense of qualified immunity.

12.     Defendants assert collateral estoppel.

Defendants reserve the right to amend this answer, including these affirmative defenses, if and when additional facts are discovered which support such amendments.

## COUNTERCLAIMS BY DETECTIVE ELEANOR BROGGI AND DETECTIVE MATTHEW OLMSTEAD

Detective Eleanor Broggi and Detective Matthew Olmstead assert the following counterclaim:

### I.      PARTIES

1.   Detective Eleanor Broggi is an individual who resides in the Western District of Washington.

2.   Detective Matthew Olmstead is an individual who resides in the Western District of Washington.

KING COUNTY DEFENDANTS' ANSWER TO COMPLAINT
FOR DAMAGES AND COUNTERCLAIM - 17
[2:19-CV-01410-MAT]

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

## II.     JURISDICTION AND VENUE

3.  This Court has discretion to exercise supplemental jurisdiction over this state law claim.

4.  Venue is proper in the Western District of Washington in Seattle.

## III.     FACTUAL ALLEGATIONS

5.  Detective Eleanor Broggi and Detective Matthew Olmstead are deputies of the King County Sheriff's Office.

6.  On August 31, 2016, at approximately 9:55 p.m., Justin Love was shot and killed in the parking lot of the Motel 6 located at 18900 47th Avenue South, SeaTac, Washington.  John Killarzoac was shot when a bullet penetrated the wall of the Motel 6 and struck him.

7.  Members of the King County Sheriff's Office, including Detective Broggi and Detective Olmstead, investigated the shooting of Love and Killarzoac.

8.  On August 31, 2016, members of the King County Sheriff's Office identified three individuals who were in the parking lot and witnessed the shooting:  William Newell, Michael Meyer and Brian Falgout.

9.  All eyewitnesses to the shooting described the shooter as a black male.  The eyewitnesses gave differing clothing and hair descriptions.

10. All eyewitnesses to the shooting described the shooter as standing outside of the fence at the time of the shooting.  Shell casings at the scene corroborated that the shooter was standing outside the fence at the time of the shooting.

11. Of the eyewitnesses, only Newell and Meyer interacted with the shooter.

KING COUNTY DEFENDANTS' ANSWER TO COMPLAINT
FOR DAMAGES AND COUNTERCLAIM - 18
[2:19-CV-01410-MAT]

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

12. Of the eyewitnesses, Newell had the most interaction with the shooter.  Newell reported to members of the King County Sheriff's Office that he and Love had argued with a person standing in the parking lot from their motel room window.  Newell reported that he and Love exited the motel to the parking lot and continued to argue with the same person, who had climbed the fence that separated the motel parking lot from the area behind the parking lot.

13. Newell told members of the King County Sheriff's Office that the shooter was a black male carrying a brown suede backpack and that he had crossed the parking lot and climbed over the fence immediately prior to shooting Love.

14. On August 31, 2016, shortly after the shooting, Jessica Hale told Deputy William Harris that she saw a black male wearing a grey hoodie and a backpack on the other side of the fence at the time of the shooting.  Hale said she saw this person fire two shots from a gun.

15. On September 1, 2016, members of the King County Sheriff's Office administered a polygraph examination to Newell and Meyer.  The polygraph examinations indicated neither of the men were being deceptive.

16. Video surveillance gathered by members of the King County Sheriff's Office showed a black male carrying a brown backpack and exiting the motel at approximately 9:50 p.m.  The video showed the male crossing the parking lot and climbing over the fence near where Love was shot on August 31, 2016.

17. Video surveillance obtained by members of the King County Sheriff's Office showed that near the time of the shooting no other individual crossed the parking lot and climbed over the fence where Love was shot.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

18. On or about September 14, 2016, members of the King County Sheriff's Office identified Abelina Kidane and Daniela Cuadra as residents of the Motel 6 on August 31, 2016. When located and questioned, Kidane and Cuadra stated that Rodney Wheeler left their motel room carrying a brown leather backpack at approximately 9:50 p.m. on August 31, 2016. Cuadra provided cell phone numbers for Wheeler, including (253) 258-7240.

19. Cuadra identified Wheeler when shown still shots of surveillance video from the Motel 6 of a black male at the motel at approximately at 9:50 p.m. on August 31, 2016.

20. Detective Olmstead obtained a search warrant for cell phone records of the phone numbers provided by Cuadra. The records obtained for (253) 258-7240 showed that the phone was in the vicinity of the Motel 6 at 9:55 p.m. on August 31, 2016. The records showed that the phone number was registered to Rosemary McClam. Rosemary McClam is the mother of Lavinia McClam. Lavinia McClam lived with Wheeler in August, 2016.

21. Wheeler was at the Motel 6 on August 31, 2016. Wheeler is the person seen on surveillance video crossing the parking lot and climbing the fence carrying a brown leather backpack at approximately 9:50 p.m. on August 31, 2016.

22. As of August 2016, Wheeler had multiple prior felony convictions, including prior convictions for unlawful possession of a firearm.

23. Based on the information known to Detective Broggi and Detective Olmstead on September 16, 2016, there was probable cause to believe that Rodney Wheeler was

KING COUNTY DEFENDANTS' ANSWER TO COMPLAINT
FOR DAMAGES AND COUNTERCLAIM - 20
[2:19-CV-01410-MAT]

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

involved in criminal activity and that evidence of the criminal activity could be found in the cell phone records.

24. Based on the information known to Detective Broggi and Detective Olmstead on October 4, 2016, there was probable cause to believe that Rodney Wheeler committed murder in the second degree, assault in the second degree and unlawful possession of a firearm in the second degree on August 31, 2016, and that evidence of the criminal activity could be found at his residence.

25. Detective Broggi and Detective Olmstead provided all material evidence from the investigation of Rodney Wheeler to the King County Prosecuting Attorney's Office.

26. On October 5, 2016, the King County Prosecuting Attorney's Office charged Rodney Wheeler with the crimes of murder in the second degree, assault in the second degree and unlawful possession of a firearm in the second degree.

27. Wheeler has instituted the present action against Detective Broggi and Detective Olmstead with knowledge that the allegations therein are false, unfounded, malicious and without probable cause for the filing of this action, and/or this action was filed as part of a conspiracy to misuse the judicial process by filing an action known to be false and unwarranted.

## IV.   COUNTERCLAIM – MALICIOUS PROSECUTION

Rodney Wheeler's lawsuit constitutes malicious prosecution against a law enforcement officer in violation of RCW 4.24.350.

## V.   RELIEF SOUGHT

Detective Eleanor Broggi and Detective Matthew Olmstead seek the following relief:

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

28. An award of reasonable attorney's fees and costs in defending against this action pursuant to RCW 4.24.350(2).

29. Liquidated damages as provided by RCW 4.24.350(2).

30. A judgment against Rodney Wheeler for malicious prosecution pursuant to RCW 4.24.350.

WHEREFORE, Defendants pray that the Plaintiff take nothing by his complaint, that the complaint be dismissed with prejudice and that Defendants be awarded liquidated damages and costs and reasonable attorneys' fees incurred herein and for such other and further relief as the Court deems just and equitable.

DATED this 18th day of May, 2020.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: *s/ Ann M. Summers*
ANN M. SUMMERS, WSBA #21509
Senior Deputy Prosecuting Attorney

By: *s/ Allyson K. Zerba*
ALLYSON K. ZERBA, WSBA # 29369
Senior Deputy Prosecuting Attorney

King County Prosecuting Attorney
500 Fourth Avenue, Suite 900
Seattle, WA 98104
(206) 296-8820  Fax (206) 296-8819
Attorneys for King County Defendants
Email:   ann.summers@kingcounty.gov
         allyson.zerba@kingcounty.gov

KING COUNTY DEFENDANTS' ANSWER TO COMPLAINT
FOR DAMAGES AND COUNTERCLAIM - 22
[2:19-CV-01410-MAT]

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

## CERTIFICATE OF FILING AND SERVICE

2      I hereby certify that on May 18, 2020, I electronically filed the foregoing document with

3    the Clerk of the Court using CM/ECF E-filing System which will send notification of such filing

4    to the following CM/ECF participant:

5

6                              Tiffany M. Cartwright
                               Timothy K. Ford
                               MacDonald Hoague & Bayless
7                              705 Second Avenue, Suite 1500
                               Seattle, WA 98104

8

9      I declare under penalty of perjury under the laws of the State of Washington that the

10   foregoing is true and correct.

11      SIGNED this 18th day of May, 2020.

12

13   JENNIFER REVAK
     Legal Secretary
14   King County Prosecuting Attorney's Office

15

16

17

18

19

20

21

22

23

KING COUNTY DEFENDANTS' ANSWER TO COMPLAINT
FOR DAMAGES AND COUNTERCLAIM - 23
[2:19-CV-01410-MAT]

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819